UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23423

RUBEN PAZ,

    Plaintiff,

vs.

ORAMA DEVELOPING GROUP CORP,
JIMMY MATA, AND
KELLY MATA,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Ruben Paz, sues Defendants, Orama Developing Group Corp, Jimmy Mata, and Kelly Mata, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Ruben Paz**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Orama Developing Group Corp,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. **Defendant, Jimmy Mata,** was and is an owner/officer/director/manager of the

1

corporate Defendant for the time period relevant to this lawsuit. Defendant, Jimmy Mata, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. **Defendant, Kelly Mata,** also was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Kelly Mata, also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

12. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their engaging in construction, contracting, and carpentry work in South Florida.

15. Defendants utilize tools, machinery, hand tools, power tools, construction materials, and construction supplies that were transported in interstate commerce prior to arriving in Florida while also using vehicles, equipment, fluids, and petroleum products that also were transported in interstate commerce prior to arriving in Florida in the conduct of Defendants' business.

16. Defendants regularly and recurrently obtain, solicit, exchange, and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17. Defendants' annual gross revenues derived from this interstate commerce are believed to be over $500,000.00 for the relevant time period and/or over $125,000.00 for each fiscal quarter in which Plaintiff worked.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in the exclusive custody of Defendants.

19. Plaintiff worked for Defendants from approximately January 10, 2021, to May 12, 2023.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in the exclusive custody of Defendants.

21. Plaintiff's work for Defendants was actually in or so closely related to the movement

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his work performing carpentry and general labor on worksites for the Defendants.

22. Defendants paid Plaintiff at a rate of $19.00/hour in a check issued to Plaintiff, but from which they did not deduct taxes or for which they did not make contributions to unemployment or pay workers' compensation insurance.

23. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

24. The Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## (AGAINST ORAMA DEVELOPING GROUP CORP)

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

25. Defendant, Orama Developing Group Corp, failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

26. Defendant, Orama Developing Group Corp, willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

27. Defendant, Orama Developing Group Corp, either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff

4

to believe that Defendants were not required to pay an overtime rate, and/or it concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

28. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

## COUNT II
## (AGAINST JIMMY MATA)

Plaintiff reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

29. As the one who was an officer, director, and/or held supervisory authority over Plaintiff, and the one who handed Plaintiff his paychecks, Defendant, Jimmy Mata was Plaintiff's employer.

30. Defendant, Jimmy Mata, failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

31. Defendant, Jimmy Mata, willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

32. Defendant, Jimmy Mata, either recklessly failed to investigate whether his failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, he intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or he concocted a scheme pursuant to which he deprived Plaintiff of the overtime pay earned.

33. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he

5

worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

## COUNT III
## (AGAINST KELLY MATA)

Plaintiff reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

34. Defendant, Kelly Mata, failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

35. Defendant, Kelly Mata, willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

36. Defendant, Kelly Mata, either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, she intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or she concocted a scheme pursuant to which she deprived Plaintiff of the overtime pay earned.

37. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, Ruben Paz, demands the entry of a judgment in his favor and against Defendants, Orama Developing Group Corp, Jimmy Mata, and Kelly Mata, jointly and severally after trial by jury and as follows:

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ruben Paz, demands a trial by jury of all issues so triable.

Respectfully submitted this 7th day of September 2023,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*